UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 4:25-cv-10041-GAYLES/SHAW-WILDER

IN THE MATTER OF THE COMPLAINT
OF REINALDO AQUIT AS OWNER OF
A 2022 DEEP IMPACT, REGISTRATION
NO. 4O1327056, 39' HIN DIC39928K122,
AND OTHER APPURTENANCES,

    Petitioner,
_____/

## ORDER GRANTING MOTION FOR FINAL DEFAULT JUDGMENT

THIS MATTER came before the Court upon Petitioner's Renewed Motion for Entry of Final Default Judgment (the "Motion"). [ECF No. 18]. The Court has reviewed the Motion and the record and is otherwise fully advised.

On May 7, 2025, Petitioner Reinaldo Aquit ("Petitioner"), as Owner of the 2022 Deep Impact, Registration No. DO1327056, 39' HIN DIC39928K122, and Appurtenances (the "Limitation Vessel"), filed a Petition/Complaint for Exoneration from or Limitation of Liability for all claims arising out of an incident that occurred on November 7, 2024. (the "Petition"). [ECF No. 1]. On May 12, 2025, the Court issued an Order Approving Petitioner's Letter of Undertaking and Directing Issuance of Monition and Injunction which required Petitioner to publish the Notice in an approved newspaper for four consecutive weeks (the "Order"). [ECF No. 6]. The same day, the Court issued the Monition and Injunction (the "Monition"). [ECF No. 7]. Both the Order and Monition require that all claimants file their claims no later than July 14, 2025. The only claimant to appear in this action and file a claim is Magaly Bea, the personal representative of the Estate of Stephanie Rodriguez. [ECF No. 8].

Pursuant to Supplemental Rule F(4) and the Court's Order, Petitioner provided notice to all known claimants in the manner prescribed by Supplemental Rule F. In addition, Petitioner

published notice to all claimants and potential claimants in compliance with Supplemental Rule F. [ECF No. 12-1]

On August 28, 2025, on Petitioner's motion, the Clerk entered a Default against all non-responding claimants. [ECF No. 14]. Petitioner now seeks a final default judgment of exoneration of liability as to all claimants who failed to file a claim in these proceedings.

## ANALYSIS

Federal Rule of Civil Procedure 55 contains a two-step process by which a party may obtain a default final judgment. Fed. R. Civ. P. 55. For any defendant that fails to plead or otherwise defend against a lawsuit, the Clerk may enter a clerk's default. Fed. R. Civ. P. 55(a). Thereafter, unless the defendant is an infant or an incompetent person, the court may enter a default judgment against that defendant. Fed. R. Civ. P. 55(b). Courts follow this same procedure in cases under the Limitation of Liability Act. *See In re Cramer*, No. 20-cv-10041-JEM, 2021 WL 724180, at *1 (S.D. Fla. January 19, 2021).

Under the Supplemental Admiralty Rules, default judgment may be entered against any potential claimant who has failed to respond to a notice of complaint for exoneration from or limitation of liability by the deadline "provided that the notice complies with the rules and is: 1) sent to every person known to have made any claim against the vessel at issue; and 2) published in a newspaper once a week for four consecutive weeks prior to the date fixed for the filing of claims." *In re Albergo*, No. 17-cv-61281, 2017 WL 9362584, at *2 (S.D. Fla. Oct. 3, 2017) (quoting *In re Wild Florida Airboats, LLC*, No. 16-cv-2207-Orl-31GJK, 2017 WL 3891777, at *2-3 (M.D. Fla. Aug. 29, 2017), *report and recommendation adopted*, 2017 WL 3877598 (M.D. Fla. Sept. 5, 2017)).

Here, the Court required claimants to file their claims no later than July 14, 2025. [ECF No. 7]. Petitioner then published the Notice for four consecutive weeks in the Keys Weekly Newspaper. [ECF No. 17-1]. In doing so, Petitioner satisfied the notice publication requirements of Rule F(4). Petitioner also mailed the notice to all known claimants and, indeed, Magaly Bea, as the Personal Representative of the Estate of Stephanie Rodriguez, timely filed a Claim.

The deadline to file a claim in these proceedings has passed, and no interested party other than Magaly Bea has filed a claim or made an appearance to defend against the Petition in the instant action. Under these circumstances, Petitioner is entitled to a default judgment of exoneration from liability for all potential claimants who have not appeared and/or filed a claim arising out of the November 7, 2024, incident.

Based upon the foregoing, it is:

**ORDERED and ADJUDGED** that Petitioner's Renewed Motion for Entry of Final Default Judgment, [ECF No. 18], is **GRANTED**. The Court will enter a separate final default judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 3rd day of November 2025.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE